IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10V184

| RANDOLPH A. WATTERSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| DUANE TERRELL, et.al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed September 1, 2010. (Document No. 1.)

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof. The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's claim against Officers Fox and Boone must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiffs Randolph Watterson and Willie Glascoe have filed a Complaint pursuant to 42 U.S.C. § 1983 against Duane Terrell, Assistant Superintendent of Marion Correctional, Lieutenant Marcella Faircloth, Captain Copening; Virginia Brookshire; Officer Fox and Officer Boone alleging that they have violated their constitutional rights. Only Plaintiff Watterson has filed an In Forma Pauperis Application in conjunction with the filing of the Complaint. The Prison Litigation Reform

1

Act ("PLRA") requires that "if a prisoner brings a civil action or filed an appeal in forma pauperis, the prison shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Willie Glascoe may not join Plaintiff in this lawsuit so as to pro-rate the mandatory filing fee. Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001). Mr. Glascoe will be dismissed. He may file a separate Complaint; pay a separate filing fee; and establish that he has exhausted his administrative remedies.

Plaintiff Watterson alleges that his legal mail has been opened outside of his presence, his outgoing mail is being censored and read resulting in disciplinary infractions against him based on the content of his mail; his mail is purposely lost or misplaced and Officer Fox and Officer Boone searched his cell resulting in his legal papers being disturbed.

With respect to his claim against Officers Fox and Boone for searching his cell and disturbing his legal papers, such claim must be dismissed. Prisoners have no expectation of privacy in their cells or in their possessions; hence the Fourth Amendment is not applicable to searches of prison cells. Hudson v. Palmer, 468 U.S. 517, 525-26 (1984). Therefore, Plaintiff's claim regarding the search of his cell must be dismissed and Officers Fox and Boone are also dismissed.

After careful review of the Plaintiff's Complaint, the undersigned finds that the remaining Defendants should file an Answer to the remaining claims in Plaintiff's Complaint detailing Plaintiff's allegations and responding to each.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1. Plaintiff Willie Glascoe is dismissed and should be removed from the caption of this case,

2. Officers Fox and Boone are dismissed as Defendants and should be removed from the caption of this case;

3. Plaintiff's claim regarding the search of his cell and the resulting mix up of his legal papers is dismissed for failure to state a claim upon which relief may be granted;

4. The Clerk shall issue summons and deliver it forthwith to the U.S. Marshall who will make service of process without additional cost; and

5. Defendants shall file an Answer to the remaining claims in Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

**SO ORDERED**.

Signed: September 7, 2010

Robert J. Conrad, Jr.
Chief United States District Judge