UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV184

RANDOLPH A. WATTERSON,   )
                         )
       Plaintiff,        )
                         )
   v.                    )     **O R D E R**
                         )
DUANE TERRELL et al.,    )
                         )
       Defendants.       )
_____)

**THIS MATTER** is before the Court on Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1); Plaintiff's Motion to Compel Discovery (Doc. No. 37); and Defendants' Motion for Protective Order in which Defendants ask this Court to issue an Order prohibiting the Plaintiff from initiating further discovery while the issue of qualified immunity is pending before the Court. (Doc. No. 42).

On September 1, 2010, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that his legal mail has been opened outside his presence; his outgoing mail is being censored and read resulting in disciplinary infractions against him based on the content of his mail; and his legal papers were disturbed during a search of his cell by Officers Fox and Boone.[1] All of the Defendants have now filed an Answer to Plaintiff's Complaint asserting affirmative defenses, including qualified immunity and failure to state a claim for relief. (Doc. Nos. 23 and 30). On April 28, 2011,

---

[1] The Court dismissed the claims against Officers Fox and Boone in an Order dated September 7, 2010. (Doc. No. 4).

1

Defendants filed a Motion for Summary Judgment based in part, on qualified immunity.[2] (Doc. No. 39).

The issue of qualified immunity should be resolved at "the earliest possible stage" of litigation, Pearson v. Callahan, 129 S.Ct 808, 85 (2009) and "discovery should not be allowed" until the "threshold immunity question is resolved," Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), Because Defendants have filed a Motion for Summary Judgment on the issue of qualified immunity, the Motion for a Protective Order is GRANTED.

**IT IS, THEREFORE, ORDERED** that

(1) Defendants' Motion for Protective Order (Doc. No. 42) is GRANTED. Plaintiff shall not initiate any further discovery while the issue of qualified immunity is before the Court.

(2) Plaintiff's Motion to Compel Discovery (Doc. No. 37) is DENIED as moot as Defendants have responded to the discovery at issue. (Doc. Nos. 38 and 41).

Signed: May 10, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

---

[2] Defendants have also moved for summary judgment based on Plaintiff's failure to state a claim for relief. In support of the motion, Defendants have included affidavits from each Defendant as well as twenty-four exhibits including witness statements, relevant DOC policies and procedures and written records and documentation relevant to the determination of whether Defendants violated Plaintiff's constitutional rights. (Doc. No. 40).